This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Robert Earl McGowan ("McGowan"), appeals the decision of the Summit County Court of Common Pleas sentencing him to a maximum sentence. We reverse.
 I.
This appeal arises out of McGowan's conviction and sentence for voluntary manslaughter, in violation of R.C. 2903.03. In the original appeal to this court, we reversed the judgment of the trial court and remanded the case because McGowan's speedy trial rights were not violated. State v. McGowan (June 21, 2000), Summit App. No. 19989, unreported.
On remand, McGowan again faced the charge of murder in violation of R.C. 2903.02(A). On January 24, 2001, after a no contest plea, the trial court found McGowan guilty of voluntary manslaughter. The trial court sentenced McGowan to five years in prison, the maximum sentence for a third degree felony.
This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM TERM OF INCARCERATION AND IMPROPERLY FOLLOWED THE PROCEDURE IN IMPOSING THIS SENTENCE PURSUANT TO THE FELONY SENTENCING GUIDELINES SET FORTH IN R.C. CHAPTER 2929.
In his sole assignment of error, McGowan challenges the trial court's imposition of a maximum sentence. He argues that the trial court did not make a the requisite findings to impose the maximum sentence. We agree.
When reviewing an appeal of a sentence, an appellate court may remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: 1) the defendant committed the worst form of the offense; 2) the defendant poses the greatest likelihood of committing future crimes; 3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3); or 4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2).
R.C. 2929.19(B)(2)(d) also mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C. 2929.14(A), the court must give its reasons for that decision.
See State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329. This court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v.Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4; see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
At the sentencing hearing, the trial court found that McGowan was a repeat violent offender. R.C. 2941.149(A) provides:
 [t]he determination by a court that an offender is a repeat violent offender is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender is a repeat violent offender. The specification shall be stated at the end of the body of the indictment, count, or information[.]
The record reflects that McGowan's indictment did not contain a violent repeat offender specification. The trial court was precluded from making the determination that McGowan was a violent repeat offender because the indictment did not contain the specification. R.C. 2941.149(A).
After a careful review of the record, we find that the trial court failed to make the requisite findings for imposing the maximum sentence.[1] Neither the sentencing hearing nor the journal entry contain the requisite findings. Accordingly, McGowan's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
CARR, J., WHITMORE, J. CONCUR.
[1] On appeal, the state concedes that the trial court failed to make the requisite findings.